## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| 1. | HARLAN JONES | ) | |
| | | ) | |
| 2. | BOBBIE NUBINE | ) | |
| | | ) | |
| | Plaintiffs, | ) | |
| | | ) | |
| v. | | ) | CIV-2017-  173-F |
| | | ) | |
| 1. | INTEGRIS HEALTH, INC. | ) | |
| | | ) | Jury Trial Demanded |
| | Defendant. | ) | Attorney Lien Claimed |

## COMPLAINT

**COME NOW THE PLAINTIFFS** and for their cause of action herein alleges:

## PARTIES

1.  The Plaintiffs are:

    A.  Harlan Jones, an adult male, who resides in Oklahoma County, Oklahoma.

    B.  Bobbie Nubine, an adult female, who resides in Oklahoma County, Oklahoma.

2.  The Defendant is Integris Health, Inc. a business entity doing business in various counties throughout Oklahoma, including Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3.  Plaintiffs' causes of action are for racial discrimination and wrongful termination in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. seq ("Title VII"). Plaintiffs also bring state law causes of action for retaliation and wrongful termination based upon race in

1

violation of the Oklahoma Anti-Discrimination Act ("OADA"), 25 O.S. §1101 et. seq.

4.   Jurisdiction over the federal claims is provided under 29 U.S.C. § 2617(a)(2), 42 U.S.C. §§ 2000e-5(f)(1), 42 U.S.C. § 12117(a), and 28 U.S.C. § 1331.  The state law claims arise out of the same core set of facts, and jurisdiction is vested over those claims by 28 U.S.C. § 1367(c). All of the actions complained of occurred in or near Oklahoma County, Oklahoma and the Defendants may be served in that county.

5.   All of the actions complained of occurred in Oklahoma County, Oklahoma, which is located within the Western District of Oklahoma, wherefore venue is proper in this Court under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §1391(b).

## CONDITIONS PRECEDENT

6.   Plaintiff Jones timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about April 18, 2016.  This charge was EEOC charge number 564-2016-00914.

7.   Plaintiff Jones was issued a notice of right to sue dated December 6, 2016, and this lawsuit is filed within ninety (90) days of Plaintiff's receipt of such notice.

8.   Plaintiff Nubine timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about April 12, 2016. This charge was EEOC charge number 564-2016-00884.

9.    Plaintiff Nubine was issued a notice of right to sue dated November 30, 2016, and

this lawsuit is filed within ninety (90) days of Plaintiff's receipt of such notice.

10.   The Plaintiffs have exhausted their administrative remedies under federal and state

law.

## STATEMENT OF FACTS

11.   Plaintiff Jones is an African American male whose skin color is black.

12.   Plaintiff Nubine is a bi-racial female who was married to an African American

man.

13.   Plaintiffs were employed at Defendant's Mental Health Facility in Spencer,

Oklahoma:

    A.    Plaintiff Jones was employed from approximately December 12, 2005 until

    about March 9, 2016.

    B.    Plaintiff Nubine was employed from approximately November 2003 until

    about March 9, 2016.

14.   Plaintiff Jones was employed by the Defendant in the position of Mental Health

Worker and performed his job duties satisfactorily.

15.   Plaintiff Nubine was employed by the Defendant in the position of Registered

Nurse and performed her job duties satisfactorily.

16.   During Plaintiffs' employment, Defendant engaged in a pattern and practice of

subjecting minority employees to disparate and differential treatment.  Examples

3

of such conduct include, but are not limited to, the following:

A.    Defendant's failure and/or refusal to uniformly administer Defendant's progressive disciplinary policy based on race

B.    Defendant gave scheduling preferences and work assignments to its Caucasian employees.

C.    Defendant segregated employees on the basis of race by assigning the minority employees to all work on the same unit.

17.   The result of the practices complained of in Paragraph 16 has been to deprive minority employees, including but not limited to the Charging Parties, of equal employment opportunities and otherwise adversely affect their status as employees because of their race.

18.   Around March 9, 2016, Plaintiff Jones was terminated for a HIPAA violation that allegedly occurred on March 4, 2016.

19.   The reasons given for the termination of Plaintiff Jones are false and pretextual in that Plaintiff Jones did not violate HIPAA on that, or any other date, during his employment with Defendant.

20.   Around March 9, 2016, Plaintiff Nubine was terminated by LaNita Holland, Caucasian. The stated reason for termination was "dishonesty and causing a delay in the treatment of a patient" on March 4, 2016.

21.   The reasons given for the termination of Plaintiff Nubine are false and pretextual

in that Plaintiff Nubine had not been dishonest nor could she have caused a delay in the treatment of a patient because she did not have the authority to admit or discharge patients.

22. Upon information and belief, two Caucasian employees involved in the events on March 4, 2016, who actually had the authority to admit and/or discharge patients were not disciplined or terminated.

23. As further evidence of discrimination, Plaintiffs know of Caucasian employees who violated HIPAA and were not terminated by Defendant.

24. As a direct result of Defendant's harassing and retaliatory conduct, the Plaintiffs have suffered, and continue to suffer, lost wages (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm symptoms including stress, anxiety, frustration, and similar unpleasant emotions.

25. The true reason for Plaintiffs' termination is their race and complaints of such discrimination. At the least, the termination was for a mixture of motives one of which was race discrimination and/or retaliation.

## COUNT I

26. Plaintiffs incorporate the paragraphs as set forth above as if fully restated herein.

27. Plaintiff Jones was subjected to disparate and discriminatory treatment because of his race (African American) and color of his skin (black).

28.     Plaintiff Nubine was subjected to disparate and discriminatory treatment because of her race, as well as the race of her husband, and color of her skin (black).

29.     Disparate and discriminatory adverse treatment directed toward Plaintiffs by Defendant included, without limitation, being subjected to different terms and conditions of employment, different standards of conduct and discipline, and discharge.

30.     Defendant's willful and malicious conduct as described above is in clear violation of Title VII of the Civil Rights Act of 1964.

31.     Since at least June 2012, Defendant has maintained a segregated workforce on the basis of race in violation of Section 703 of Title VII, 42 U.S.C. § 2000e 2(a)(2).

32.     Plaintiffs' race was a motivating factor in Defendant's adverse employment actions as described above. Defendant violated Plaintiffs' rights under Title VII by taking such adverse actions.

33.     As a result of Defendant's illegal conduct, Plaintiffs have suffered the damages described in paragraph 24.

34.     Plaintiffs are entitled to and seek all legal and equitable remedies provided to a prevailing Plaintiff under Title VII, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any appropriate declaratory and/or injunctive relief.

35.   Plaintiffs are also entitled, under 42 U.S.C. §2000e-5(k), to recover attorney fees and costs incurred in pursuing this claim.

## COUNT II

36.   Plaintiffs incorporates the paragraphs as set forth above as if fully restated herein.

37.   Plaintiffs received disparate and hostile treatment compared to other similarly situated, non-minority employees, as described previously.

38.   The discrimination against Plaintiffs altered the terms, conditions, and/or privileges of their employment.

39.   Defendant did nothing to attempt to remedy the wrong(s) suffered by Plaintiffs.

40.   Plaintiffs are individuals protected from racial discrimination by 42 U.S.C. §1981.

41.   Defendant's acts and omissions violated Plaintiffs' rights secured by 42 U.S.C. §1981.

42.   As a result of Defendant's illegal conduct, Plaintiffs  have suffered the damages described in paragraph 24.

43.   Plaintiffs are entitled to and seeks all legal and equitable remedies available to a prevailing plaintiff under 42 U.S.C. §1981, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any appropriate declaratory and/or injunctive relief.

## COUNT III

44.   Plaintiffs incorporate the paragraphs as set forth above as if fully restated herein.

45. Plaintiffs' race and skin color were motivating factors in Defendant's adverse employment actions as described above.

46. As a result of Defendant's illegal conduct, Plaintiffs have suffered the damages described in paragraph 24.

47. Defendant's willful and malicious conduct as described above is in clear violation of OADA.

48. Plaintiffs are entitled to and seek all legal and equitable remedies provided to a prevailing Plaintiff under OADA, including, without limitation: back pay, front pay, compensatory damages, liquidated damages and any appropriate declaratory and/or injunctive relief.

49. Plaintiffs are also entitled, under 25 O.S. §1350(H), to recover attorney fees and costs incurred in pursuing this claim.

## PRAYER

**WHEREFORE**, it is respectfully prayed that this Court grants Plaintiffs the following relief:

    a.     Back pay, in amounts to be determined at trial;

    b.     Liquidated damages;

    c.     Compensatory damages;

    d.     Punitive Damages;

    e.     Injunctive and/or declaratory relief;

f.      Pre-judgment and post-judgment interest and the highest lawful rate;

g.      Attorneys' fees and costs of this action, including expert witness fees, as

appropriate;

h.      That Defendants be enjoined and restrained from engaging in further

discriminatory conduct; and

i.      Any such further relief as justice allows.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Oklahoma

and Federal Law.

**RESPECTFULLY SUBMITTED THIS 20th DAY OF FEBRUARY, 2017.**

/s/ Christine C. Vizcaino
Christine C. Vizcaino, OBA # 30527
Mazaheri Law Firm, PLLC
3445 W. Memorial Rd., Ste. H
Oklahoma City, OK 73134
(405) 414-2222
(405) 607-4358 (facsimile)
christine@mazaherilaw.com
*Attorney for Plaintiff*

*Attorney's Lien Claimed*